### JEWETT & AL. *vs.* CORNFORTH.

Where a petition for a road was altered after its signature, and one of the petitioners, being sued for his proportion of the expense incurred in prosecuting it, claimed to be absolved from the contract on the ground of the alteration, it is for the jury to determine whether the alteration was *material*.

Where a payment has been made by several, from a joint fund, they may join in an action for reimbursement.

An agreement made pending a suit, that it shall abide the event of another action, cannot be set up as a bar to such suit, if the party afterwards chooses to proceed.

THIS action was similar to the preceding case of *Jewett & al. v. Hodgdon*, being against another of the same body of petitioners, and brought to compel him to contribute his proportion of the expenses of prosecuting the common cause.

At the trial below, before *Smith J.* the same points were taken as before, and ruled in the like manner ; the Judge refusing to decide on the *materiality* of the alteration, but leaving it wholly to the jury.

It was further proved that the defendant, when he signed the petition, declared to *another* petitioner, that he wished *Jewett*, one of the plaintiffs, *to take charge of the petition and get it through.*

This, it was contended, only constituted him a special agent to carry the petition forward in its then existing form;—but the Judge considered it as evidence from which the jury *might* infer that *Jewett* was authorized to make the alteration.

It further appeared that the petitioners for the road were charged in divers bills for services and expenses of the committees for viewing and laying out the road, and of the attornies employed about the same; which bills were receipted as paid by *the present plaintiffs*. And hereupon it was contended that the plaintiffs should not have joined in one action, but that each one should have brought his suit for the money by him paid. But this objection the Judge overruled.

The defendant then offered to prove that five several actions, against as many of the petitioners, had been commenced by the present plaintiffs before a Justice of the peace, of which the present action was one;—and that it being supposed that they all rested on the same principles and facts, it was agreed between the defendant and the plaintiff's attorney that this action should be continued in the Justice's Court without costs, and should abide the event of another of the five actions against one *Hallet*, which was carried by appeal to the Court of Common Pleas;—and that the issue of that suit was for the defendant. But this evidence was rejected by the Judge;—and a verdict being returned for the plaintiffs, the defendant filed exceptions at common law.

*Boutelle,* for the original defendant, maintained the positions assumed at the trial below; and cited *Banorgee v. Hovey* 5 *Mass.* 36. *Graham v. Robinson* 2 *D. & E.* 282. *Brandt & al. v. Boulcott* 3 *Bos. & Pul.* 235.

*R. Williams,* for the plaintiffs, cited 3 *D. & E.* 779. 2 *Saund.* 116, *note* 2. 5 *East* 225.

MELLEN C. J. delivered the opinion of the Court as follows.

This case differs in several respects from that of *Jewett & al. v. Hodgdon,* which has just been decided. But in the *present* case, however, as well as in that, a question has been made and urged

in argument, whether the *express* authority given by the original defendant, to the original plaintiffs, to act as agents for him and the other petitioners, *to take charge of the petition and get it through,* (as the parties have expressed it,) authorized them to make the alteration and amendment of the petition which has been mentioned.    In the progress of the trial it seems that the Court was requested to decide whether such alteration was *material* as it regarded *Cornforth*; but the Judge was of opinion that this was a question proper for the consideration of the jury; and this opinion we approve.    The exceptions disclose nothing further on this point.    In the decision of the case before us, we are strictly confined to the *facts* which the exceptions present; and it does not appear that the alteration or amendment of the petition was in any manner *material* to *Cornforth.*    Now we have decided in the case of *Patridge v. Ballard* 2 *Greenl.* 50, that the *materiality of the alteration* should be established, in order to release the petitioner from his original engagement; and we have proceeded on the same principle in the before mentioned case of *Jewett & al. v. Hodgdon.*    As, therefore, we have no facts before us, shewing the alteration in the present case to be *material* to *Cornforth,* there is no reason for considering him as absolved from his contract *in consequence* of such alteration.    This renders it unnecessary for us to decide whether the express authority delegated to the agents, did or did not authorize them to make or consent to it.    Thus far we do not discover any error in the opinions of the Judge who tried the cause.    It was in the next place urged that the plaintiff could not legally *join* in the action, but should have sued *several* actions.    We do not perceive the force of this objection. *Jewett* and his associates were *joint agents*—acting *jointly* in their proceedings; and it seems that the sums paid by them for expenses, &c. were paid by them *jointly,* and receipts given shewing such facts.    According to several of the cases cited for the original plaintiffs, when a payment has been made by several from a *joint fund,* they may *join* in an action for reimbursement.    There is no error in this opinion.    As to the last objection, founded on the special agreement made by the original plaintiffs with *Cornforth,* that *this* action should abide the decision of the action against *Hallet,* we cannot entertain a doubt.    The agreement was made

long after the promise on which the action was founded. And there are so many authorities shewing that an *after contract* cannot be pleaded in bar of an action on a *former* one, that we need not cite them. Neither can it furnish a defence on the general issue. If *Cornforth* would avail himself of the contract, he must do it by a cross action against *Jewett* & *al.* on account of its violation. This objection also fails.

The judgment appears to us to be in nothing erroneous, and it is therefore affirmed with costs.